UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In re:                                                                                    Chapter 7

KPA STUDIO, INC.,                                                         Case No.: 19-41879 (ESS)

              Debtor.
-----------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105, 363, 506 AND 721 OF THE BANKRUPTCY CODE: (I) APPROVING STIPULATION RESPECTING CARVE OUT FROM SECURED CLAIM; (II) AUTHORIZING THE TRUSTEE'S SALE OF THE DEBTOR'S PERSONAL PROPERTY; (III) AUTHORIZING THE TRUSTEE TO OPERATE/WIND DOWN THE DEBTOR'S BUSINESS; (IV) AUTHORIZING THE TRUSTEE TO USE CASH; AND (V) AUTHORIZING THE TRUSTEE TO RETURN PROPERTY OF NOMINAL OR NO VALUE TO THE ESTATE**

      Upon the motion of Lori Lapin Jones, Esq., the Chapter 7 Trustee ("Trustee") of the estate of KPA Studio, Inc. ("Debtor"), seeking entry of an Order pursuant to §§ 105, 363, 506 and 721 of title 11 of the United States Code ("Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) approving a stipulation between the Trustee and Flushing Bank, a copy of which is annexed as Exhibit A ("Stipulation"), providing for, inter alia, a carve-out from Flushing Bank's asserted secured claim; (ii) authorizing the sale (either publicly or privately) of the bankruptcy estate's right, title and interest in and to the Debtor's personal property, including certain collateral to which Flushing Bank asserts it is secured (collectively, "MM&E") in accordance with the Stipulation; (iii) granting the Trustee related relief, including to operate/wind down the Debtor's business for the purpose of completing the sale of certain customer orders on terms acceptable to the Trustee and on written notice to Flushing Bank; (iv) authorizing the use cash in connection therewith and the wind down of the Debtor's business; and (v) authorizing the Trustee to return property of nominal or no value to the estate ("Motion") [Dkt. No. 19]; and upon the Trustee's application for an Order scheduling a hearing on shortened notice of the Motion ("Application") [Dkt. No. 20]; and upon the Order Scheduling Hearing on

1

Trustee's Motion on Shortened Notice ("Scheduling Order") [Dkt. No. 21]; and upon the Affidavit of Service evidencing proof of service of the Motion, Application and Scheduling Order [Dkt. No. 24]; and upon the Reservation of Rights and Response of Allied World Insurance Company to the Motion ("AW Response") [Dkt. No. 34]; and upon the hearing conducted on May 7, 2019 ("Hearing"), the transcript of which is incorporated herein by reference; and no objections to the Motion having been made at the Hearing; and upon the reservation of rights made on behalf of Hitachi Capital America Corp. at the Hearing; and upon the reservation of rights made on behalf of TCF Equipment Finance, a division of TCF National Bank at the Hearing; and upon the reservation of rights made on behalf of Allied World Insurance Company consistent with the AW Response at the Hearing; and upon the reservation of rights made on behalf of landlord/creditor Brooklyn Land at the Hearing; and after due deliberation thereon and good cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT:**

    A.    This Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.

    B.    Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

    C.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    D.    Notice of the Motion and the relief requested therein was adequate and no other or further notice is required.

    E.    The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion, including this Court's approval of: (i) the Stipulation between the Trustee and Flushing Bank; (ii) the sale (either publicly or privately) of the bankruptcy estate's

right, title and interest in and to the MM&E in accordance with the Stipulation; (iii) authority for the Trustee to operate/wind down the Debtor's business for the purpose of completing the sale of certain customer orders on terms acceptable to the Trustee and on written notice to Flushing Bank; (iv) the use of cash in connection with the wind down of the Debtor's business; and (v) authority for the Trustee to return property of nominal or no value to the estate.

F. The legal and factual bases set forth in the Motion and on the record at the Hearing establish just cause for the relief granted herein.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Stipulation between the Trustee and Flushing Bank annexed as Exhibit A is approved.

2. The Trustee is authorized to sell (either publicly or privately) the bankruptcy estate's right, title and interest in and to the MM&E ("Sale") provided that the Trustee will provide: (a) as to any proposed Sale in excess of $50,000, twenty-one days' notice to the Debtor, the United States Trustee, entities who filed notices of appearance, any known holders of liens against the specific MM&E, and all known creditors; and (b) as to any proposed Sale of $50,000 or less, twenty-one days' notice to the Debtor, the United States Trustee, entities who filed notices of appearance, any known holders of liens against the specific MM&E, the Debtor's 20 largest scheduled creditors, and any creditors for whom the Trustee has an email address. The foregoing notice shall constitute good and sufficient notice of the proposed Sale, and no other or further notice shall be necessary or required. In the event objections are timely filed, then a hearing will be scheduled, and the proposed Sale will be adjourned pending the outcome of the hearing on the objection. In the event no objections are timely filed, then the Sale may be consummated by the Trustee without further Order of the Court.

3. At the Trustee's discretion, the MM&E will be offered for sale in bulk and/or in lots. The Trustee will determine the highest or best bid (or bids) for the MM&E. The Trustee may seek entry of an Order confirming any sale of the MM&E, but the Trustee shall not be required to seek entry of such an Order.

4. Title to the MM&E will be transferred to the successful purchaser(s) pursuant to a Bill of Sale. Any applicable sales taxes shall be charged and collected from purchasers and paid to the appropriate taxing authorities in accordance with applicable law.

5. The MM&E will be sold: (a) "as is", "where is", without any representations of any kind or nature whatsoever, including as to merchantability or fitness for a particular purpose, and without warranty or agreement as to the condition of such MM&E; and (b) free and clear of all liens, claims and encumbrances, with any such liens, claims or encumbrances to attach to the net proceeds of sale in the same amount and priority as they existed as of the date the Debtor filed its petition for relief with this Court.

6. The Trustee is authorized under sections 721 and 363 of the Bankruptcy Code to operate/wind down the Debtor's business for the purpose of consummating certain transactions with customers of the Debtor on terms acceptable to the Trustee and on written notice to Flushing Bank.

7. The Trustee is authorized pursuant to section 363(b) of the Bankruptcy Code to use up to $25,000 from the Debtor's estate without further Order of the Court in connection with the wind down of the Debtor's business and to pay for other miscellaneous expenses that may arise, including, but not limited to, lock changes, insurance, labor, and taxes (such $25,000 is exclusive of sales taxes, if any, which the Trustee is authorized to remit). The Trustee will file with the Court (and will provide to the U.S. Trustee) quarterly reports of receipts and disbursements by the 20th

day after the conclusion of the relevant reporting quarter. The Trustee's use of cash is limited to $25,000 and, if the Trustee needs to use cash in excess of $25,000, such relief will be sought by Court Order upon notice and an opportunity to object.

8. The Trustee is authorized to facilitate the pickup and/or return of property that the Trustee has determined has limited or no value to the Debtor's estate.

9. The Trustee is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the requirements established by this Order.

10. This Court may retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.



Dated: Brooklyn, New York  
May 8, 2019

_____  
Elizabeth S. Stong  
United States Bankruptcy Judge