# **<u>EXHIBIT A</u>**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                              Chapter 7

KPA STUDIO, INC.,                                                   Case No.: 19-41879 (ESS)

          Debtor.
---------------------------------------------------------------x

## STIPULATION RESPECTING CARVE OUT FROM SECURED CLAIM

WHEREAS, on March 28, 2019 ("Petition Date"), KPA Studio, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code before the United States Bankruptcy Court for the Eastern District of New York ("Court");

WHEREAS, Lori Lapin Jones, Esq. was appointed as the successor Chapter 7 Trustee of the Debtor's estate ("Trustee");

WHEREAS, according to the Debtor's Schedule A/B, the Debtor's personal property assets include, inter alia, raw materials valued at $300,000, and machinery, fixtures and equipment valued at $174,000. In addition to the foregoing, the Debtor also has inventory (including finished orders) and other miscellaneous personal property assets (collectively, "MM&E");

WHEREAS, according to the Debtor's Schedule A/B, the Debtor's personal property assets also include accounts receivable valued at $2,631,008 ("Accounts Receivable");

WHEREAS, Flushing Bank asserts that, prior to the Petition Date, the Debtor executed a Line of Credit Note dated July 13, 2017 in favor of Flushing Bank in the amount of $1,500,000 ("Note");

WHEREAS, Flushing Bank asserts that, as security for the Note, the Debtor executed a Security Agreement dated July 13, 2017 ( "Security Agreement") whereby the Debtor, inter alia, granted Flushing Bank a first priority continuing security interest in and lien on all right, title and

interest in the Debtor's assets including, without limitation, all Accounts (as defined in the Uniform Commercial Code of the State of New York), all Goods (as defined in the Uniform Commercial Code of the State of New York), and all Proceeds (as defined in the Uniform Commercial Code of the State of New York) and products of the foregoing ("Collateral");

WHEREAS, Flushing Bank asserts that the Collateral includes, inter alia, the MM&E and the Accounts Receivable;

WHEREAS, the Note, the Security Document and documents and instruments executed in connection with the same (collectively, as the same may have been amended, restated, modified or supplemented from time to time), shall be referred to herein as "Loan Documents";

WHEREAS, the Trustee may seek authority to sell all or part of the MM&E in accordance with, inter alia, section 363 of the Bankruptcy Code, and may collect the Accounts Receivable in the Trustee's sole discretion;

WHEREAS, Flushing Bank asserts a claim under the Loan Documents against the Debtor in the amount of $1,298,993.38 in principal and $17,190.86 in interest as of the Petition Date ("Flushing Bank Claim"), which claim Flushing Bank asserts is secured by a perfected lien against the Collateral in accordance with, inter alia, the Loan Documents and the Uniform Commercial Code ("Flushing Bank Lien");

WHEREAS, the Trustee and Flushing Bank agree that the Trustee's administration of some or all the Collateral may be in the best interests of the Debtor's bankruptcy estate;

WHEREAS, the Trustee and Flushing Bank agree there may be insufficient unencumbered funds from the Trustee's administration of the Collateral to satisfy all administrative costs and expenses associated therewith and the Flushing Bank Claim; and

WHEREAS, the Trustee and Flushing Bank, through their respective counsel, have negotiated and entered into this stipulation ("Stipulation"), which, among other things, provides for a carve-out from the asserted Flushing Bank Lien for the Trustee's administrative costs and expenses associated with the Trustee's administration of the Collateral, as well as funds for ultimate distribution to the creditors of the Debtor's estate.

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed by and between the Trustee and the Flushing Bank as follows:

1. Flushing Bank consents to the Trustee's administration of the Collateral subject to the terms and conditions set forth herein.

2. Unless the Trustee and Flushing Bank agree otherwise in writing, the Trustee shall have one hundred and twenty (120) days from the date of Court approval of this Stipulation ("Lien Review Date") to provide notice to Flushing Bank of any challenges the Trustee asserts as to the Flushing Bank Claim or Flushing Bank Lien. Such notice shall be sent to counsel to Flushing Bank at the address below. The Trustee and Flushing Bank may agree in writing to extend or shorten the Lien Review Date.

3. Within ten (10) days from the date of Court approval of this Stipulation, Flushing Bank shall provide Trustee's counsel with: (a) true and complete copies of all loan documents, collateral documents, forbearance agreements, and any and all modifications supplementing the foregoing; and (b) a statement reflecting the amount of the asserted Flushing Bank Claim, including amounts advanced, accrued and payments made. Flushing Bank shall provide the Trustee with any other documents reasonably requested by the Trustee in connection with her review of the Flushing Bank Claim and Flushing Bank Lien.

4. Flushing Bank agrees that the Trustee shall carve out from the asserted Flushing Bank Lien on the Collateral the following ("Carve-Out"): (A) sums sufficient to pay, in full, all non-professional Chapter 7 administrative expenses of the Trustee (including, inter alia, lock changes, insurance, labor, taxes); (B) subject to Court approval, sums sufficient to pay, in full, (1) all out-of-pocket expenses of the Trustee and her retained professionals; (2) the Trustee's statutory commissions relating to the Collateral (including A, B, and C herein); (3) the statutory commissions and property-management fees of MYC & Associates, Inc. relating to the Trustee's administration of the Collateral; (4) the reasonable fees incurred by Trustee's counsel in connection with the Trustee's administration of the Collateral subject to Flushing Bank's review; and (5) the reasonable fees incurred by Trustee's accountant in connection with the Trustee's administration of the Collateral subject to Flushing Bank's review); and (C) 5% of the gross proceeds of sale of the Collateral for distributions on account of allowed claims in the order of priority under the Bankruptcy Code ("Creditor Carve-Out"), provided that Flushing Bank waives any right to, and shall not be entitled to, share in such Creditor-Carve Out from the Collateral.

5. The Trustee is authorized to segregate sufficient funds from the proceeds of the Collateral to pay the amounts set forth in paragraph 4 herein and will segregate the balance of the proceeds subject to the asserted Flushing Bank Lien ("Net Proceeds"). Net Proceeds may be released to Flushing Bank, without further Court Order, on the latter of the date after the Lien Review Date or the date(s) of the Trustee's receipt of proceeds from the Collateral, provided that the Trustee has not given notice of a challenge to the Flushing Bank Lien.

6. Except as otherwise specifically provided herein and under the Bankruptcy Code, Flushing Bank does not waive any of its rights under the Loan Documents or under the Bankruptcy Code. In agreeing to the use of Flushing Bank's Cash Collateral by the Trustee to make the

expenditures set forth herein and by taking any other actions pursuant to this Stipulation or the Loan Documents as modified hereby, Flushing Bank shall not be deemed to have assumed any liability to any third person or party, and shall not be deemed to be in control of the Debtor, the operations of the Debtor or to be acting as a "responsible person" with respect to the operation or management of the Debtor and its assets. Except as may be expressly provided herein, the Trustee does not waive any rights against Flushing Bank.

7. Nothing contained herein is a waiver of any of the Trustee's right to contest or otherwise object to claims of any other lien holders or any other party asserting a claim or interest in the Collateral or otherwise.

8. This Stipulation is contingent upon approval of the Court. Should the Court decline to approve the Stipulation, the Stipulation shall have no force or effect.

9. This Stipulation shall be effective upon entry of an Order of the Court approving this Stipulation.

10. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original and shall be binding on any party executing this Stipulation, all of which shall constitute one and the same document. Signatures delivered by electronic mail or facsimile shall have the same force and effect as those original signatures.

11. This Stipulation shall be governed by and construed under applicable federal law and/or the laws of the State of New York.

12. This Stipulation may not be amended or modified other than in writing executed by the Trustee and Flushing Bank.

13. This Stipulation sets forth the entire agreement between the Trustee and Flushing Bank and fully supersedes any and all prior agreements and understandings, written or oral, between the Trustee and Flushing Bank pertaining to the subject matter hereof.

14. This Stipulation shall be binding upon the Trustee and Flushing Bank, their respective heirs, executors, successors, administrators and assigns.

15. The Court may retain jurisdiction to determine any dispute which may arise under the terms of this Stipulation.

Dated: April 19, 2019
New York, New York

                              **ZEICHNER ELLMAN & KRAUSE LLP**
                              Counsel to Flushing Bank

By: _____
                              Peter Janovsky, Esq.
                              Stephen F. Ellman, Esq.
                              1211 Avenue of the Americas
                              New York, New York 10036
                              Telephone: (212) 826-5339

Dated: April 19, 2019
Wantagh, New York

                              **LaMONICA HERBST & MANISCALCO, LLP**
                              Counsel to Lori Lapin Jones, Esq., as Chapter 7 Trustee

By: _____
                              Gary F. Herbst, Esq.
                              Holly R. Holecek, Esq.
                              3305 Jerusalem Avenue
                              Wantagh, New York 11793
                              Telephone: (516) 826-6500