UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>KPA STUDIO, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-41879 (ESS) |

**ORDER PARTIALLY RESOLVING MOTION BY FLUSHING BANK, PURSUANT TO FED. R. BANKR. P. 2004 FOR EXAMINATIONS OF AND PRODUCTION OF DOCUMENTS FROM SKANSKA WALSH JOINT <u>VENTURE AND LAGUARDIA GATEWAY PARTNERS</u>**

Upon the motion (the "Motion") of Flushing Bank ("Flushing"), for entry of an Order authorizing and directing the examinations of Skanska Walsh Joint Venture ("SWJV") and LaGuardia Gateway Partners ("LGP") by persons with knowledge of the Debtor's claims against SWJV and SWJV's defenses thereto, and authorizing the service of document requests upon SWJV and LGP (collectively, the Respondents"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004") <u>***dated February 5, 2020***</u>, and upon the Response and Objection to the Application by the Respondents dated March 9, 2020, and upon the Joinder to the Motion by Lori Lapin Jones, Chapter 7 Trustee (the "Trustee") of the above-captioned debtor (the "Debtor") <u>***dated April 30, 2020***</u>, and notice of the Motion having been given to interested parties and no other or further notice being required; and the Court having authorized service of Subpoenas (the "Subpoenas") under Rule 2004 compelling production by SWJV and LGP of documents requested in the Motion (the "Subpoenaed

Documents") subject to Respondents' right to assert objections to individual document requests, and SWJV and LGP, having produced certain of the Subpoenaed Documents (the "Initial Production") subject to a Response and Objections by Respondents to the Subpoenas dated October 12, 2020 (the "October 12 Objections") , and the Court having held a hearing on the Motion on February *9* ~~10~~, 2021, and the parties having met and conferred as to production of additional documents; and

WHEREAS, on January 22, 2021, counsel to Flushing sent a letter to counsel to the Respondents (the "January 22 Letter") ~~(attached as Exhibit 1)~~: (a) itemizing requests in the Subpoenaed Documents not produced in the Initial Production; and (b) proposing lists of (i) Custodians; and (ii) search terms for electronic discovery (the "Custodians and Search Terms"); and

WHEREAS, on February 5, 2021, counsel to Respondents sent a letter to counsel to Flushing (the "February 5 Letter") ~~(attached as Exhibit 2)~~ setting forth a description of credits, costs, and damages (collectively, the "Damages") allegedly attributable to the Debtor in amounts in excess of amounts claimed against SWJV by the Debtor and simultaneously producing certain documents Respondents claim support the Damages; and

WHEREAS, the Damages allegedly include credits for (a) work not performed by the Debtor, (b) work performed by other subcontractors, and (c) liquidated damages assessed by LGP against SWJV and attributable to the Debtor, and further references, but does not assign a dollar amount to, warranty claims asserted by LGP; and

WHEREAS, on February 18, 2021, counsel to Flushing sent an email to Respondents' counsel (the "February 18 Email") ~~(attached as Exhibit 3)~~ requesting certain documents "prioritized to substantiate the claims and amounts set forth in [~~the February 5~~] Letter (the "Priority Documents"), including, without limitation, the Damages, which email was responded to by Respondents' counsel on March 11, 2021 (the "March 11 Email"), in which Respondents' counsel agreed to certain of the requests in Flushing Counsel's February 18, 2021 email and objected to others ~~(attached as Exhibit 4)~~; and

WHEREAS, on March 18, 2021, counsel to Flushing responded to the objections raised in the March 11 Email (the "March 18 Response") ~~(attached hereto as Exhibit 5)~~; and

WHEREAS, on April 9, 2021, Respondents made a supplemental production of documents in response to Flushing Bank's subpoena (the "April 9 Production"); and

WHEREAS, the April 9 Production does not include documents (the "Priority ESI Documents") constituting Electronic Discovery Information ("ESI") and certain documents in the April 9 Production require Primavera Software (the "Primavera Software") to be useable to Flushing (the "Primavera Documents"); ***and***

WHEREAS, Respondents have asserted that Marcin Zola is in-house counsel to Respondents and has no non-privileged relevant documents; and

WHEREAS, Flushing cannot determine compliance with the request for the Priority Documents until the ESI and Primavera Documents are produced and can be reviewed using Primavera Software; and

WHEREAS, Subpoenaed Documents to be produced other than the Priority Documents shall be referred to herein as the "Remaining Documents."

**Therefore, it is *hereby*:**

**ORDERED**, *on consent, that* Respondents shall produce all documents with Bates Stamps, and it is acknowledged that Respondents have produced the Initial Documents and the April 9 Documents with Bates Stamps; and it is *further*

**ORDERED**, *on consent, that* the parties shall share the cost of purchase by Flushing of a license for the Primavera Software up to the amount of $1,250 each; and it is *further*

**ORDERED**, *on consent, that* subject to the October 12 Objections and the Objections in the March 11 Email, Respondents shall search for ESI using Custodians and Search Terms annexed hereto and produce the ESI Priority Documents by July 27, 2021; and it is *further*

**ORDERED**, *on consent, that* if there remains a dispute about the Priority Documents after the Priority Production, *the parties may request a conference with the Court to address* the Court will hold a hearing on August 3, 2021, or such other date as

~~the Court is available (the "Priority Documents Hearing") at 10:30 am to resolve~~ any disputes on the Priority Documents; and it is ***further***

**ORDERED,** ***on consent, that*** subject to the October 12 Objections and any supplementary objections, Respondents shall produce the Remaining Documents by August 9, 2021, and it is ***further***

**ORDERED,** ***on consent, that*** Respondents shall produce a privilege log by August 23, 2021; and it is ***further***

**ORDERED**, ***on consent, that the parties may request a conference with*** the Court ~~will schedule August 24, 2021, at 10:30 am, or such other date as the Court is available, as a holding date~~ to ***address*** ~~resolve~~ any matters at issue with production of any Documents under this Order; and it is ***further***

**ORDERED,** ***on consent,*** that this Order is without prejudice to Flushing's right to apply to the Court for any further discovery or relief and to Respondents' right to object to Flushing's Rule 2004 Subpoenas; and it is ***further***

**ORDERED,** ***on consent,*** that matters concerning the oral examinations requested in the Motion shall be deferred pending agreement of the parties or further order of the Court***; and it is further***

**ORDERED**, that this Court **_may_** ~~shall~~ retain jurisdiction to resolve any issues with respect to this Order, the requested examinations and the production of documents.



**Dated: Brooklyn, New York**
**July 23, 2021**

**Elizabeth S. Stong**
**United States Bankruptcy Judge**